JOHN H. BOLTON v. H. V. PRATHER AND WIFE.

Decided March 24, 1904.

**1.—Partnership—Corporation—Sale—Rescission.**

One buying shares of stock in a business on the representation and in the belief that it was an incorporated company, it not being such, did not become a partner in the business by holding such stock, nor so liable as a partner for the depreciation in the value of the business and property by mismanagement of those conducting it as to prevent his maintaining action to rescind the sale to him and recover back the amount paid on discovery of the facts, though owing to such depreciation he could not replace the seller in statu quo.

**2.—Discovering Facts—Negligence.**

Evidence held insufficient to show negligence by a purchaser of stock in a business in failing to sooner discover that it was a partnership instead of a corporation, as the seller represented it to be.

**3.—Harmless Error.**

Error in overruling exceptions to a pleading becomes immaterial where the issues raised by such pleading were not submitted to the jury.

Appeal from the District Court of Cherokee. Tried below before Hon. Tom C. Davis.

*E. C. Dickinson* and *Willson, Box & Watkins,* for appellant.

*Guinn, Norman & Guinn* and *Campbell & McMeans,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellees brought this suit to rescind the contract of sale and recover back the purchase money paid by them for twenty-six shares of the capital stock of the Jacksonville Compress and Ice Company sold them by the appellant. The petition alleges as ground for rescission that plaintiffs were induced to purchase the stock by the representation of the defendant that the Jacksonville Compress and Ice Company, by whom the stock was issued, was a corporation duly organized and chartered under the law, and that said representation was false. The certificates of stock were tendered to the defendant and plaintiffs prayed for judgment rescinding the sale and for the recovery of the sum of $2500 paid by them to the defendant for said stock.

The defendant answered by general demurrer and general denial, and specially pleaded that plaintiffs by the purchase of said stock became the owners as partners of the interest in the business and property of the Jacksonville Compress and Ice Company represented by said certificates of stock, and continuously asserted ownership thereof and participated in the management and control of the business and property of said company up to a short time before the filing of this suit; that by their participation in the management of the affairs of said company plaintiffs discovered, or by the use of due diligence might have discovered, the character of said association and been fully acquainted with all of its business affairs and property; that by their conduct as afore-

said plaintiffs have waived their right, if any they had, to a cancellation of said sale, and have affirmed the same. The answer further avers that under the management of plaintiffs and their associates the property of the company has greatly depreciated in value and has been charged with a large amount of indebtedness, and plaintiffs are not entitled to a rescission of said sale because the defendant can not be placed in statu quo.

Plaintiffs by supplemental petition prayed in the alternative for the recovery of $2500 as damages for the alleged fraudulent misrepresentation of the defendant.

The trial in the court below by a jury resulted in a verdict and judgment in favor of the plaintiffs, rescinding the sale of the stock and for the recovery of the purchase money paid therefor by plaintiffs with legal interest from the date of such purchase.

The facts disclosed by the record are as follows: The Jacksonville Compress Company was organized and incorporated in 1896, and operated a cotton compress at Jacksonville until 1898. In 1898 the directors and stockholders of this company purchased an ice plant and agreed to organize a new corporation to be known as the Jacksonville Compress and Ice Company. In pursuance of this agreement the new company was organized and the directors of the compress company were continued in office as directors of the new company. The stock in the compress company was surrendered and canceled and in lieu thereof certificates of stock in the Jacksonville Compress and Ice Company were issued. The appellant Bolton was a director in the old company and continued in office after the reorganization. J. E. Fleager, who was an attorney and also a stockholder and director and the secretary and general manager for both companies, was employed to procure the charter for the new company. No charter for said company was ever obtained by Fleager, but the board of directors were ignorant of that fact, and the stock of the company was issued and its business conducted by them under the belief that it was an incorporated company. In June, 1901, appellees purchased twenty-six shares of stock in the Jacksonville Compress and Ice Company from the appellant and paid him therefor the sum of $2500. Before appellees agreed to purchase the stock they were told by the appellant that the company was incorporated. They would not have bought the stock had they known that the company was not incorporated. Appellant after making the contract of sale assigned twenty-six shares of the stock held by him in said company to appellees and procured the issuance to them of a certificate for that amount of stock, which certificate he delivered to them and received therefor the $2500 agreed to be paid. This certificate was issued under the seal of the company and purported to be a certificate of stock in an incorporated company. Neither of the appellees was present when the transfer of the stock was made and the certificate for same issued in their names. At the time they purchased this stock appellees resided at Palestine. They

moved to Jacksonville in June, 1902. They never had anything to do with the management or control of the Jacksonville Compress and Ice Company, and did not learn that it was not incorporated until February, 1903. As soon as they discovered this fact they demanded a rescission of the sale and the return of the money paid by them to the appellant, and upon his failure to comply with their demand they at once brought this suit. It is not shown that they ever received any dividends upon the stock or any benefit of any kind therefor during the time they held it, except that as stockholders they were furnished with ice by the company during the summer of 1902, neither the quantity nor value of which is shown. The business of the Jacksonville Compress and Ice Company was managed by a board of directors of which appellant was a member. The appellee H. V. Prather never attended a meeting of the directors and only attended one meeting of the stockholders. He talked a number of times with members of the board of directors about the business of the company and tried on several occasions to get a meeting of the stockholders but was never able to get a quorum present. When appellant sold the stock to appellees the business of the company was in a prosperous condition and the property of the company was worth $40,000. At the time appellees demanded a rescission of the contract of sale the business and property of the company had greatly depreciated in value, and it was charged with a large indebtedness which was fraudulently created by its general manager, Fleager, who had absconded. If this indebtedness can be defeated it will be at considerable expense to the stockholders. The evidence shows that neither the appellant nor any of the directors or stockholders of the company other than Fleager knew before January, 1903, that a charter had not been obtained for the company.

It is unnecessary to consider appellant's assignments of error in detail. The theory of the case upon which a reversal is sought is that appellees, by their purchase of the stock, became members of the joint stock company or partnership known as the Jacksonville Compress and Ice Company and as such were responsible for all the acts of the partnership undertaking, and were therefore responsible for the mismanagement of the affairs of the company by which its business and property had been so depreciated in value; that by reason of said depreciation in the value of the property the defendant could not be placed in statu quo by a rescission of the contract of sale, and appellees for that reason have no right of rescission. It is further urged that appellees have lost their right to a rescission because of their failure to discover within a reasonable time that the company was unincorporated.

The appellant by appropriate requested charges endeavored to have this theory of the case presented to the jury, and by appropriate assignments in this court challenge the ruling of the trial court in refusing to give the requested instructions. The proposition advanced by appellant, that appellees by their purchase of the stock in the Jacksonville Com-

press and Ice Company became partners with the other stockholders of that company in the business and property of the company, is not sound. It is true that if appellees after they discovered that the company was not incorporated had elected to hold the stock they would have become partners in the business conducted by said company and would have been the owners of the proportionate interest in the business and property of the company which the number of shares held by them bore to the whole number issued by the company, and it may be that as to third parties dealing with the company appellees became liable as partners by their purchase of the stock notwithstanding the fact that they had no such intention and supposed they were purchasing stock in a corporation, but upon no principle of law can they be held to be partners as to appellant. A partnership inter se can only be created by a direct understanding and agreement between the parties. The undisputed evidence shows that neither the appellant nor the appellees agreed or intended to become partners by the sale and purchase of said stock, but on the contrary it was the distinct understanding of both that no such relation would be created by the purchase of said stock by appellees.

Such being the facts appellant can not charge appellees with the responsibility as partners for the mismanagement of the affairs of the company which resulted in the depreciation of the value of the business and property of said company. The evidence shows that appellees never had possession, control or management of the property or business of the Jacksonville Compress and Ice Company, and never asserted any right to such possession, control or management, or any ownership in any of said property. They did not agree to purchase from appellant an interest in the property or business of said company, but proposed to buy shares of stock in a corporation which they and the appellant both supposed owned and conducted the property and business held and conducted in the name of the Jacksonville Compress and Ice Company.

We think that under these facts the principle invoked by appellant, that to entitle a purchaser of property to rescind the sale on the ground of misrepresentation by the seller as to the character of the property he must offer to return the property in like condition as when he secured it, can have no application. Appellees received nothing from appellant except a certificate of stock in a corporation which had no existence, and the property which was supposed to have been owned by said imaginary corporation remains in the possession and control of appellant and his associates, and appellees can not be held responsible for the depreciation in its value.

We do not think the evidence raises the issue of negligence on the part of appellees in not sooner discovering the fact that the Jacksonville Compress and Ice Company was not incorporated. There was nothing to put him upon inquiry as to this matter. He had been assured by appellant when he purchased the stock that the company was incorporated. The certificate of stock purported to have been issued by a

corporate company. The business of the company was conducted by a board of directors all of whom supposed that it was incorporated, and the evidence shows that it was not until January, 1903, and after the secretary and manager ·of the company had absconded, that the board of directors discovered that no charter had ever been obtained for said company. Appellees during the time they held the stock had no occasion to make an · investigation as to whether the company was incorporated, it not being shown that the fact of its incorporation was ever questioned by anyone.

The assignments which complain of the action of the trial court in overruling defendant's exceptions to that portion of plaintiff's supplemental petition which sought to recover in the alternative damages for the fraud and misrepresentation of defendant, are without merit. The right of appellees to recover damages as claimed in said petition was not submitted to the jury by the charge of the court and the error, if any, in overruling said exceptions was harmless.

We are of opinion that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.