## D. F. Turner v. M. A. Faubion.

### Decided June 8, 1904.

**Harmless Error—Issue Not Submitted.**

Error in overruling defendant's exceptions to allegations charging him with fraud, admitting evidence under them, and refusing his instructions thereon, was immaterial where the issue of fraud was not submitted, but the right to recover submitted by the charge on other grounds which there was evidence to support.

Appeal from the District Court of Burnet. Tried below before Hon. Clarence Martin.

*Ike D. White* and *J. G. Cook,* for appellant.

*Dayton Moses* and *T. E. Hammond,* for appellee.

KEY, Associate Justice.—This is a suit for the recovery of certain gin machinery, and in the alternative for the value of the property. The plaintiff was successful and the defendant has appealed.

The court instructed the jury as follows:

"In this case the plaintiff, M. A. Faubion, sues the defendant, D. F. Turner, for the alleged conversion of certain gin property as described in the second paragraph of his first amended original petition, filed herein on December 10, 1903, and consisting of cotton gins, feeders, cotton press, shafting, and other gin property as therein particularly described and alleged to be of an aggregate value of $1355, and also sues for the reasonable use and hire of said property in the sum of $300, in which sum plaintiff alleges that he has been damaged by the wrongful conversion of said property by defendant, knowing the purposes for which plaintiff intended to use said property; he further sues for the possession and restitution of all of said property or for its value in the sum of $1355 in case said property be not delivered.

"Defendant answers and denies each and every allegation in plaintiff's first amended petition contained, and specially denies that plaintiff is the owner of said gin property described in his pleadings; that he was ever in the possession of the same; that he ever paid any consideration therefor, or that plaintiff is entitled to the possession thereof.

"Further answering, plaintiff says that he is the owner of lots Nos. 1, 2, 3, 4, 5 and 6 in block No. 242 in the town of Marble Falls, Burnet County, Texas, together with all appurtenances and improvements thereon belonging, and that the property claimed by plaintiff and every part thereof is firmly fixed and fastened to the soil and immovable fixtures thereof, and that defendant is the owner of same; that on May 4, 1903, defendant became the purchaser of said lots, together with all of the above improvements thereon, paying a valuable consideration therefor, without any notice of any right, title or claim of plaintiff to any of said property, and that all of said property has been situated

in and upon said property for more than one year and had been for more than one year firmly and permanently nailed, bolted and attached and annexed to and imbedded in the soil, etc. Wherefore, defendant claims said property claimed by plaintiff as a part of the realty above described.

"Plaintiff then says that defendant is not the owner of said property; that if any title he has to same, that it was acquired by fraud and fraudulent devices of defendant practiced upon one Dawson, defendant's alleged vendor, and that at the time of defendant's purported purchase of the property in question herein, that defendant had full knowledge of plaintiff's claim and ownership of said property, and took same, if any title he acquired, subject to plaintiff's claim and right to said property. And I now give you the following as the law applicable to this case:

"1. It devolves upon the plaintiff to establish the material allegations in his petition contained, and unless such has been done as is hereinafter set out, you will return a verdict in favor of the defendant.

"2. If you find that the property described in plaintiff's petition consisting of gin machinery and attachments therein described was on the 4th day of May, 1903, attached to the realty as claimed herein by defendant, and that the same was actually annexed to the soil, so as to make it a permanent fixture or to the buildings erected thereon in such manner that the same could not be removed without injury to the realty, and had at said date become permanently attached thereto, then in that event you will find a verdict for the defendant.

"3. If you find from a preponderance of the credible evidence adduced that the property described in plaintiff's petition was not a permanent fixture to the soil or buildings of defendant's realty, and that the same could be removed without injury to the same, and had not been placed thereon by J. M. Dawson with the intention of permanently annexing it to the realty and buildings thereon in such manner as that the same could not be removed without injury to the realty, and that the same had been sold to plaintiff by said Dawson prior to the sale by Dawson to defendant of lots 1, 2, 3, 4, 5 and 6 in block 242 in Marble Falls, Burnet County, Texas, and that defendant had notice of plaintiff's claim upon said property at the time he purchased the realty from Dawson, then you will find a verdict for plaintiff and further find the value of said property on the 4th day of May, 1903.

"4. If you find a verdict for plaintiff under the above instruction, you will find also the market value of such property (if any) of plaintiff's that was taken by defendant on said last above mentioned date.

"By market value is meant their market or actual value at the time when and place where they are detained, or where plaintiff had a right to their possession; and is purely a question of fact to be determined by you from the evidence adduced herein, provided it does not exceed the sum of $1355.

"You are the exclusive judges of the credibility of the witnesses and

of the weight to be given the evidence adduced, but you are bound to received the law from the court, which is herein given you, and be governed thereby."

The verdict of the jury was for the plaintiff and fixed the value of the property at $1006. It necessarily involves findings in favor of the plaintiff on all the issues submitted in the third paragraph of the charge; and, considering the testimony in the record, we make the same findings, and hold that the verdict is in all respects sustained by testimony.

*Opinion.*—The charge of the court, in effect, eliminated the question of fraud and deceit, because it did not submit that issue to the jury, and made the plaintiff's right to recover dependent upon other issues in nowise connected with the question of fraud. Therefore the action of the court in overruling exceptions to that portion of the petition which sought to charge the defendant with fraud is now immaterial; and the same may be said with reference to the admission of testimony, and the refusal of the defendant's requested instruction on that subject. If the jury gave heed to the charge of the court they could not have decided the case on the question of fraud; and therefore appellant's first, second and third assignments of error are overruled.

The fourth and fifth assignments complain of mere omissions in the court's charge, which do not constitute affirmative error. The rule is that the party complaining of such omissions must show that he requested instructions properly framed to remedy the omissions complained of. This was not done in this case.

The other assignments in appellant's brief have received due consideration, but none of them are regarded as tenable.

The judgment is affirmed.

*Affirmed.*