Ft. Worth & Rio Grande Railway Company v. D. H. Eddleman.

Decided October 31, 1908.

**1.—Continuance—Second Application—Insufficiency.**

Failure to aver any one of the following facts in a second application for continuance because of the absence of a witness, is fatal to its sufficiency, viz.: That the testimony of the absent witness is material; that due diligence has been used to obtain the testimony of the witness; residence of the absent witness; or that the continuance is not sought for delay but only that justice may be done.

**2.—Personal Injury—Charge—Burden of Proof.**

In a suit for damages for personal injuries, general charge of the court considered, and held sufficiently full to justify the refusal of a special charge upon the burden of proof and the preponderance of the evidence.

**3.—Negligence—Charge—Conclusion of Law—Harmless Error.**

The trial court should not submit to the jury a legal conclusion arising from facts constituting negligence. Charge considered and held erroneous in this respect, but harmless in view of the general tenor of the charge and the failure of appellant to ask a special charge.

**4.—Carrier—Shipper Loading Cars—Duty of Carrier—Negligence.**

To one rightfully engaged in loading a freight car, the carrier owes the duty of exercising ordinary care to avoid injuring him. Evidence considered, and held sufficient to support a finding that the carrier was negligent in this respect.

**5.—Negligence—Peril—Contributory Negligence.**

When one, by the negligence of another, is put in a position of peril and acts in a way that seems prudent to him under the circumstances then confronting him, he cannot be charged with contributory negligence.

Appeal from the District Court of Hood County. Tried below before Hon. W. J. Oxford.

*West, Chapman & West, Theodore Mack* and *C. H. Yoakum,* for appellant.

*Jno. J. Hiner,* for appellee.—The application for a continuance was defective and not in compliance with the statute for the following reasons:

1. Because it is not stated therein "that the testimony of the absent witness is material." Patton v. Williams, 79 S. W., 357.

2. Because it is nowhere stated therein that "due diligence has been used" to obtain the testimony of said witness. Pacific Express Co. v. Needham, 83 S. W., 23; Patton v. Williams, 79 S. W., 357.

3. Because the residence of the witness is not stated in said application, and no statement therein of any diligence used to obtain his testimony. Rev. Stats., art. 1278.

4. Because it is nowhere stated therein "that the continuance is not sought for delay only, but that justice may be done." Lion Ins. Co. of North America v. Wicker, 54 S. W., 294; Insurance Co. of North America v. Wicker, 55 S. W., 740.

Plaintiff could not be chargeable with contributory negligence in the handling of his team if the act of appellant had put him or his team in a position of peril and he acted in a way that seemed prudent to him under the circumstances that then confronted him. International & G. N. Ry. v. Neff, 87 Texas, 303; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 52; International & G. N. Ry. Co. and Missouri Pac. Ry. v. Gray, 65 Texas, 37; Gulf, C. & S. F. Ry. Co. v. Wagley, 15 Texas Civ. App., 313.

PRESLER, ASSOCIATE JUSTICE.—This suit was instituted by appellee against appellant to recover $5,000 damages for permanent personal injuries alleged to have been sustained by him on account of the negligence of appellant in moving a box car against his wagon and demolishing same, without notice or warning, the said appellee being engaged at the time in loading one of appellant's cars with cotton seed from said wagon for shipment, said car having been placed by appellant on its sidetrack for that purpose, and at the usual place for loading cotton seed in cars for shipment.

Appellant answered by general denial, also specially pleading contributory negligence on the part of appellee.

A trial by jury resulted in a verdict and judgment in favor of appellee in the sum of $1,500, from which judgment appellant appeals and here seeks reversion upon the various assignments hereinafter considered.

Appellant's first assignment of error complains of the action of the court in overruling its second application for a continuance. As shown by the record in this case, said application is clearly insufficient in several material respects as a statutory application: First, it does not state "that the testimony of the absent witness is material;" second, because it does not state that "due diligence has been used" to obtain the testimony of the absent witness; third, because the residence of the witness is not stated in said application, and there is no statement therein of any diligence used to obtain his testimony; fourth, because it is nowhere stated in said application "that the continuance is not sought for delay only, but that justice may be done." Either one of the above defects in said application would in our opinion be fatal to its sufficiency as a statutory application. Patton v. Williams, 79 S. W., 357; Pacific Express Co. v. Needham, 83 S. W., 22; Lion Insurance Co. of London v. Wicker, 54 S. W., 294; Rev. Stats., art. 1278.

Appellant, by its second assignment of error, complains of the action of the court in refusing to give the following special charge: "Defend-

ant asks the court to charge the jury as follows: The burden of proof is on the plaintiff to show the extent of his injuries, and unless you find from a preponderance of the evidence that plaintiff's injuries are permanent, you will in no event allow any damages for permanent injuries." The court in its general charge instructed the jury as follows: "The burden is on the plaintiff to establish his right to recover by a preponderance of the evidence, and in case he has failed to do so your verdict will be for the defendant. You are charged that the burden is on the defendant to establish the defense of contributory negligence as pleaded by it." While we are not entirely satisfied as to the correctness of the court's ruling in refusing the special charge requested, we feel constrained to solve the doubt in support of the judgment, and to hold that the court in its general charge sufficiently instructed the jury as to the burden of proof and the duty of the plaintiff to establish his right to recover by a preponderance of the evidence, and that this general instruction went to all material issues in the case, the determination of which in plaintiff's favor was necessary to his recovery in this case. Said assignment is accordingly here disallowed and overruled.

Appellant's third assignment of error complains of the action of the court in giving the following paragraph of its general charge: "Furthermore, gentlemen, if you believe from the evidence in this case that the plaintiff, in placing his wagon alongside of said car, placed the same in closer proximity to said car than a person of ordinary care would have done under the same or similar circumstances, or that he cut his team northward and thereby caused the collision, and that a person of ordinary care would not have done so under the same circumstances, and that in so placing his wagon he was guilty of negligence which contributed to and caused his injuries, or that by so cutting his team he caused his injuries, then in either event, if you so find, you will find for the defendant, and this although you may believe from the evidence that the defendant was also guilty of negligence in failing to ring the bell, sound the whistle or to give plaintiff any other warning before attempting to pull said cars." While under the evidence of this case the court, after submitting to the jury the facts, as it did, which would constitute negligence, should not have further submitted the legal conclusion arising from such facts, viz., whether such facts amounted to negligence, yet the charge complained of in no event authorized a finding against appellant, but, on the contrary, the charge complained of as a whole was in appellant's favor, and if appellant desired a more favorable presentation of the issue of contributory negligence, we are of the opinion that it should have been requested by a special charge. (Chicago, R. I. & G. Ry. Co. v. Hugh Johnson, 101 Texas, 422; Yellow Pine Oil Co. v. Noble, 100 Texas, 358.) In this case we are further of the opinion that appellant owed the appellee the duty to exercise ordinary care to avoid injuring him, he not being a trespasser, but rightfully in the situation he was in at the time of his injury, and appellee could not be chargeable with contributory negligence in the handling of his team if the negligence of appellant had put him or his team in a position of peril and he acted in a way that seemed prudent to him under the circumstances then confronting him. (International & G. N. Ry. v. Neff, 87 Texas,

309; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 52.)  Said assignment is therefore overruled.

Appellant's fourth assignment is in our opinion too general to be here considered.

Finding no reversible error, as presented under appellant's assignments, we conclude the judgment rendered in the court below should be in all respects affirmed, and it is so ordered.

*Affirmed.*