EL PASO ELECTRIC RY. CO. v. MEBUS.

(Court of Civil Appeals of Texas. El Paso. May 1, 1913. Rehearing Denied June 5, 1913.)

1. APPEAL AND ERROR (§ 1040*)—REVIEW—HARMLESS ERROR—OVERRULING EXCEPTIONS TO PETITION.

Where the court overruled an exception, on the ground of remoteness, to allegations in a petition for damages for injury to plaintiff's wife, which stated that defendant had been compelled to resign his duties as jailer, because his wife could no longer act as matron, the error, if any, was harmless, where no evidence was given on that point, and the court did not submit it as an element of damage.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

2. APPEAL AND ERROR (§ 1070*)—HARMLESS ERROR—AMOUNT OF DAMAGES.

Error which affects only the amount of damages is harmless, where there is no contention that the verdict was excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. § 1070.*]

3. TRIAL (§ 252*) — INSTRUCTIONS — APPLICABILITY TO EVIDENCE—VARIANCE.

An instruction that plaintiff could not recover because of variance between her pleadings and her proof as to the manner of her injury was properly refused, where the variance was not substantial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

4. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING EVIDENCE.

An instruction, asked by the defendant, which specifies certain acts of negligence by

defendant's servants, but ignores others alleged by the plaintiff and supported by the evidence, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

5. TRIAL (§ 296*) — INSTRUCTIONS — ERROR CURED BY SUBSEQUENT INSTRUCTION.

In an action for injuries to plaintiff's wife in a fall from a street car, where the petition alleged that the injury was due to stopping the car at a place unsafe because of an excavation of the street, an error in an instruction which stated that the defendant would be liable if the place was dangerous for any reason is harmless, where the court in a subsequent instruction limited the jury to a consideration of the specific defect alleged.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

6. TRIAL (§ 295*)—INSTRUCTION—ASSUMPTION OF FACTS—LEGAL CONCLUSION.

Where an instruction contains statements which, when isolated, seem to assume negligence, but which, taken as a whole, is merely the statement of the legal conclusion of negligence arising from certain facts, the instruction is not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

7. TRIAL (§ 296*) — INSTRUCTIONS — ERROR CURED BY SUBSEQUENT INSTRUCTIONS.

Error in an instruction which does not state the legal conclusion deducible from the acts of the person injured is cured by a subsequent instruction properly submitting the matter of contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

8. APPEAL AND ERROR (§ 877*)—PARTIES ENTITLED TO ALLEGE ERROR—ERROR AFFECTING ADVERSE PARTY.

An assignment of error based upon error prejudicial to the appellee will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by E. W. Mebus against the El Paso Electric Railway Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Davis & Goggin, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for appellant. Lea & Nagle, of El Paso, for appellee.

HIGGINS, J. This was an action for damages by the appellee, based upon personal injuries alleged to have been sustained by his wife. It was averred that Mrs. Mebus was a passenger upon one of the street cars of the appellant, and upon alighting from said car at the intersection of Cotton avenue and Detroit street, in the city of El Paso, she was injured through the negligence of appellant. Upon trial verdict and judgment in appellee's favor was returned and rendered in the sum of $3,500.

We find that appellee's wife was injured, as alleged, through the negligence of appel-

lant, without any contributory negligence upon her part, and that appellee has thereby sustained damage in the amount of the judgment.

[1, 2] In the petition it was averred that "plaintiff was the jailer of El Paso county, Tex., and was receiving therefor a salary of $120 per month for himself and wife, besides board and a place to live, and that in order to attend to the duties of said office it was necessary for plaintiff's wife to assist him, and she was assisting him in such duties as matron of the jail, for which she was receiving, or plaintiff was receiving for her, the sum of $1.50 per day; but in consequence of said injuries she was disabled and rendered incapable of assisting him in his duties as such jailer, and in consequence whereof he was compelled to and did resign his position as jailer on or about the 1st day of February, 1912." And it was further averred: "And in consequence of her said injuries plaintiff, at great expense, brought and caused to be brought from Portland, Or., to El Paso, Tex., his wife's sister to assist his said wife, and to care for her and attend to her duties."

To the above-quoted allegations defendant excepted, upon the ground that such damages were too remote and such as would not be contemplated by an accident of the nature complained of. Error is assigned to the refusal of the court to sustain this special exception.

There was no evidence introduced that plaintiff had relinquished his position as jailer, or of his having sustained any financial loss in consequence thereof, or of any expense incurred in bringing his sister-in-law to the city of El Paso, and none of such matters were submitted in the court's charge as elements of damage, but the same were, in effect, excluded, and the error, if any, in refusing to sustain the exception was therefore harmless. Pullman Palace Car Co. v. Nelson, 22 Tex. Civ. App. 223, 54 S. W. 624; Railway Co. v. O'Donnell, 90 S. W. 889; Land v. Klein, 21 Tex. Civ. App. 3, 50 S. W. 639; Turner v. Faubion, 36 Tex. Civ. App. 314, 81 S. W. 810; Bolton v. Prather, 35 Tex. Civ. App. 295, 80 S. W. 666; Railway Co. v. Pate, 113 S. W. 994; San Antonio Traction Co. v. Bryant, 30 Tex. Civ. App. 437, 70 S. W. 1018. Furthermore, this was a matter which could only have affected the amount of the recovery, and there is no contention that the verdict was excessive. For this further reason, the error was therefore harmless. Railway Co. v. Lynch, 40 Tex. Civ. App. 543, 90 S. W. 511.

[3, 4] A special charge was requested by the defendant as follows: "You are instructed that plaintiff herein, if he recover against defendant, must recover upon the specific acts of negligence averred by him in his petition. Now, therefore, if you believe from the evidence in this case that plaintiff's wife did not fall off the car, but believe that she had safely reached the ground and was holding to the handle or handhold when the conductor gave the signal to go ahead, and when the car moved off plaintiff's wife so let loose the handhold and fell, and that the act of the employés in signaling said car ahead and in starting said car before plaintiff's wife had let loose the handhold was the proximate cause of the injuries, then plaintiff cannot recover, though you believe that it was negligent in defendant's conductor to have signaled the car to go ahead or to have started said car before plaintiff's said wife had let loose the handhold."

Error is assigned to the refusal of this charge, upon the ground that there was a variance between the allegations and the proof of negligence, and the special charge should have been given. We have examined the evidence, and find that there is no substantial variance between the pleading and the proof, and the same was therefore properly refused. It was properly refused for the further reason that it ignores acts of negligence alleged by plaintiff and supported by the evidence, which acts of negligence on the part of the defendant the jury was warranted in finding were concurrent causes with the starting of the car, proximately causing the injury. Railway Co. v. Wall, 110 S. W. 458. The second, third, and fourth assignments are therefore overruled.

In the fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth assignments it is objected that the court assumed as undisputed certain facts which should have been submitted to the jury for their determination, and that in this respect the charge violated the rule which forbids any comment upon the weight of the evidence. The charge, considered as a whole, is not subject to the criticisms here made. Furthermore, Mrs. Mebus' testimony that she was a passenger upon the car and was injured in alighting therefrom is amply supported and corroborated by the testimony of other disinterested witnesses, and there is absolutely no basis whatever for the contention that there is no evidence except her own to show that she was a passenger on the car, and that she fell in alighting therefrom. For the reasons indicated, the assignments last noted are overruled.

[5, 6] The third paragraph of the court's charge reads as follows: "You are instructed that, while the defendant, El Paso Electric Railway Company, was not the insurer of the safety of the plaintiff's wife, while a passenger on one of its cars, in her attempt to alight from said car, it was the defendant's duty to exercise that high degree of care, prudence, and foresight in providing plaintiff's wife a reasonably safe place to alight from said car, and in protecting her from possible injury in alighting from said car, which a very prudent person engaged in the business as usually conducted would employ under the same or similar circumstances, and

a failure to exercise such care would be negligence, and if the place where defendant's car stopped for plaintiff's wife to alight from said car for any reason was dangerous, or not reasonably safe for her to alight from said car, under all of the circumstances then surrounding her, and if plaintiff's wife did not know of the dangerous or unsafe condition of said place, if it was dangerous or unsafe, and if a cautious and prudent person, under all of the circumstances, would have warned plaintiff's wife of the dangerous or unsafe condition of the place for her to alight, if it was dangerous or unsafe, or would have assisted plaintiff's wife in alighting from said car, then and under such circumstances, should you so find, you are instructed that it would be the duty of the defendant to warn plaintiff's wife of the dangerous or unsafe condition of said place, or assist her in alighting from said car, if it was dangerous or unsafe, if the defendant knew of its dangerous or unsafe condition, or by the exercise of ordinary care could have known of it, and a failure to warn plaintiff's wife, or to assist her in alighting from the car under such circumstances, would be negligence; and if the defendant was guilty of any one or more of the acts constituting negligence, as that term is defined to you in this paragraph, and plaintiff's wife received any of the injuries complained of, and such negligence, if any, was the proximate cause of said injury, and you further find that plaintiff's wife was exercising ordinary care for her own safety, the defendant, under such circumstances, would be liable to plaintiff for any damages so sustained. By the expression 'proximate cause' of an event, as used in this charge, or any special charges, is meant the direct, efficient, or producing cause without which the injury to plaintiff's wife would not have occurred, and from which cause it could have been reasonably anticipated by the party producing it that injury would result as a natural and probable consequence of the negligent act."

To this paragraph it is first objected that it submits to the jury an issue not raised by the pleadings, in that the jury is instructed that the defendant would be liable if the place where the car stopped for Mrs. Mebus to alight *for any reason* was dangerous, or not reasonably safe for her to alight; whereas plaintiff, in his petition, had expressly averred the dangerous condition to be due to the fact that the street adjacent to the track had been excavated and thereby lowered about two feet below the level of the track, so that there was a distance of about three feet from the car step to the ground.

The court probably committed abstract error, under the state of pleading, in thus charging that the defendant would be liable if the place for any reason was dangerous for Mrs. Mebus to alight from the car, since plaintiff would properly be confined to his allegations respecting the dangerous character of the place. The error, however, we regard as harmless, considering the charge as a whole. The third paragraph is merely an instruction in general terms of defendant's duty. The fourth paragraph is a like general instruction as to the duties incumbent upon the plaintiff's wife. The fifth paragraph of the charge is that portion wherein the jury is affirmatively instructed as to the state of facts upon which plaintiff's recovery must be predicated, and we there find that the court limited that phase of the case relating to the dangerous condition of the street to the excavated and lowered grade of the street, as it was alleged. The charge, considered as a whole and construed in the light of the issues made by the pleadings and evidence, is therefore not subject to the objections here urged, and the fourteenth assignment is overruled. Railway Co. v. Smith, 65 Tex. 167; Railway Co. v. O'Hare, 64 Tex. 600.

Under the fifteenth assignment it is further objected to the third paragraph of the charge that same assumes a certain state of facts to be negligence upon the part of the defendant and so instructs the jury. By considering merely the isolated and detached sections of the paragraph quoted by appellant, it would seem that this objection is well taken; but examining the paragraph in its entirety it will be found to be not subject to the objection urged. It is merely the statement of the legal conclusion, viz., negligence, which arises from a failure to exercise that degree of care which was required under certain circumstances, and was not error. Railway Co. v. Eddleman, 52 Tex. Civ. App. 181, 114 S. W. 425.

[7] Under the sixteenth assignment the contrary position is taken, and it is here urged that the court erred in the fourth paragraph in not stating the legal conclusion deducible from acts of plaintiff's wife under certain circumstances. The error here, if any, was harmless, since it was corrected in the sixth paragraph, where the question of contributory negligence on the part of Mrs. Mebus was properly submitted to the jury for its determination, and the sixteenth assignment is therefore overruled.

[8] The seventeenth assignment assails the fifth paragraph of the charge, and is overruled, since the matter here complained of was an error prejudicial to the appellee.

The eighteenth and nineteenth assignments criticise the sixth paragraph of the charge as being confusing, contradictory, irreconcilable, and misleading. It is not so regarded, and the assignments are therefore overruled.

What has been said in disposing of the first assignment also disposes of the twenty-first.

Affirmed.