LAMMERS v. WOLFERTZ.

(Court of Civil Appeals of Texas. San Antonio. Feb. 25, 1914. Rehearing Denied April 1, 1914.)

1. SALES (§ 61*)—CONSTRUCTION OF CONTRACT —EXECUTORY OR EXECUTED CONTRACTS.

Where, at the time a contract of sale of certificates of stock was made, the purchaser already had possession of the certificates, the contract was an executed contract; it being fully performed on the part of the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 162–170; Dec. Dig. § 61.*]

2. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—PLEADING.

Error in overruling an exception to an immaterial portion of a petition was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

3. APPEAL AND ERROR (§ 1046*)—REMARKS AND CONDUCT OF JUDGE.

A remark of the trial judge, made in reference to an immaterial matter which was not submitted to the jury, was not prejudicial, and hence did not justify a reversal, under Courts of Civil Appeal rules 62A (149 S. W. x).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4131, 4134; Dec. Dig. § 1046.*]

Appeal from District Court, Bexar County; R. H. Ward, Judge.

Suit by C. H. Wolfertz against O. S. Lammers. From a judgment for plaintiff, defendant appeals. Affirmed.

George M. Mayer and W. H. Lipscomb, both of San Antonio, for appellant. A. E. Heilbron and C. L. McGill, both of San Antonio, for appellee.

CARL, J. C. H. Wolfertz filed suit against O. S. Lammers and O. S. Lammers Company, a corporation, and alleged that on or about March 20, 1912, he was induced by O. S. Lammers, who owned 248 of the 250 shares of the stock of the O. S. Lammers

Company, to buy 12 shares of said stock, which was of the par value of $100 per share, and that he paid $1,200 therefor, and, further, that Lammers agreed, as a part of the consideration, to place Wolfertz on the board of directors, but that Lammers never delivered the stock, and failed to place him on the board of directors. There was also an allegation that the stock had earned $807.30 in dividends, to which Wolfertz claimed he was entitled. It is further alleged "that on January 25, 1913, defendant entered into a verbal agreement with plaintiff to repurchase from plaintiff the aforesaid 12 shares of stock, theretofore owned by plaintiff in said company, and then and there, to wit, on the aforesaid 25th day of January, 1913, promised to pay plaintiff, cash, at the time of said repurchase, the aforesaid sum of $1,200 for said 12 shares of stock so owned by plaintiff in the corporation as aforesaid, to all of which plaintiff then and there consented and agreed." The petition sets out the original purchase of the stock, failure to deliver same, and then the agreement of sale January 25, 1913, above quoted, and prays for judgment for the value of the stock and dividends amounting in all to $2,007.30, or, in the alternative, against the O. S. Lammers Company for $807.30, with legal interest (dividends) and against O. S. Lammers for $1,200, the repurchase price of the stock with legal interest. The answer contained general demurrer, special exceptions, and general denial, except that Wolfertz bought and was entitled to 12 shares of stock, which was tendered to him. The court charged the jury upon the issue as to whether defendant bought the plaintiff's stock January 25, 1913.

Paragraphs 1 and 2 of the charge follow:

"First. If you believe from the evidence that on or about January 25, 1913, that the plaintiff was the owner of 12 shares of the capital stock of the O. S. Lammers Company, a corporation, and if you further believe from the evidence that on or about said date defendant O. S. Lammers bought said stock from plaintiff and agreed to pay him therefor the sum of $1,200, and if you further believe that no part of said $1,200 has been paid to plaintiff, then you will return a verdict in favor of plaintiff against defendant O. S. Lammers for said amount and interest from said date at the rate of 6 per cent. per annum.

"Second. If you do not find in favor of plaintiff under the preceding paragraph of this charge, then you will return a verdict in favor of plaintiff against both defendants for the recovery of the said certificates of stock tendered herein by defendants to plaintiff."

This charge is commendable for its brevity and clearness.

The jury found in favor of the plaintiff for the value of said stock, which it was tes-

tified was agreed upon at $1,200, and O. S. Lammers has appealed.

The first assignment raises the question that the sale of the stock was an executory contract, and, that being true, the court erred in submitting the measure of damage at the agreed price of the stock, instead of the measure that would apply to an executory contract, which would be the difference between the market value and agreed price of the stock; and it is contended that the issue was not made by the pleadings as to whether Lammers "bought" the stock. It will be noted that the pleadings set out that on January 25, 1913, the defendant, Lammers, agreed to buy the 12 shares of stock for $1,200 and then and there agreed to pay for same, and, further, that he had possession of the stock. It is not disputed that Wolfertz never had the stock in his possession; for Lammers says that no stock had been issued, and he tendered the stock to Wolfertz on the trial. The plaintiff's testimony supported the allegations as to a sale, and the jury has found in his favor on that issue that he did sell the stock back to Lammers.

[1] Wherein is it shown that this is an executory contract? Lammers had the stock in his possession, and when he and Wolfertz agreed upon the terms of the sale, there remained nothing to be done except for Lammers to pay for the stock. There remained nothing further for Wolfertz to do. Judge Simkins defines an executed contract "as one wholly performed on one side and not on the other, as where property has been sold and delivered and the purchase money not paid." Simkins' Contracts and Sales (3d Ed.) p. 48, and authorities cited. "An executory contract is one unperformed by both parties, or there remains something to be done on both sides, as a promise for a promise, neither party having performed or fully performed his part." Same authority as above. In so far as Wolfertz was concerned, there remained nothing to be done to complete the transaction, except to collect his money. He had delivered the stock, for it had always been in Lammers' possession. The agreement on the sale price was all that was necessary. When they agreed upon that, as the jury has found they did, the contract was an executed one. The first assignment is overruled, and this will likewise dispose of the second assignment, which is based upon the same subject-matter.

[2] The court overruled a special exception to that part of the petition which charged that Lammers further "bound and obligated himself and promised unto him that he would have and cause plaintiff to be named as a director on said company's board of directors," because it did not appear how the breach of such agreement affected plaintiff. If there was any error in this it was harmless, because that phase of the case was not submitted to the jury. Upon an action for rescission of the original contract that would probably be material, but this case was submitted upon the sole theory as to the resale of the stock to Lammers. Therefore this ruling was on an immaterial matter, and harmless. The assignment is overruled. Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63; Railway Company v. Beene, 47 Tex. Civ. App. 585, 106 S. W. 456; Joy v. Ins. Co., 32 Tex. Civ. App. 433, 74 S. W. 822, affirmed in 97 Tex. 638; Railway Company v. Pate, 113 S. W. 994; Railway Company v. Wallace, 152 S. W. 875.

[3] When the exceptions were being argued, before the jury was impaneled, the court stated in the presence of the jurors, "It is very important for a stockholder in a corporation to be on the board of directors. He is in much better fix to look after his interest if he is on the board," and exception was reserved to such remark because it was on an important issue made by the pleadings. The court did not submit to the jury the matters about the original sale agreement and agreement to put Wolfertz on the board of directors, and no complaint is made as to that. The sole issue was as to whether Wolfertz sold Lammers his stock in January, 1913. In 38 Cyc. p. 1316, it is said: "Nevertheless, not every unguarded remark of the trial judge, in the presence of the jury, is ground for reversal. To be so, it must be shown to be prejudicial to the right of the party complaining, or at least appear probable that prejudice resulted. It is not enough that there is a probability that the remarks were prejudicial." This is amply supported in Trezevant v. Rains (Sup.) 19 S. W. 567; Conner v. Littlefield, 79 Tex. 76, 15 S. W. 217; Fleming & Son v. Pullen, 97 S. W. 109. The remark being made in reference to a matter which was not submitted to the jury, and no injury being shown, we do not think it would justify a reversal. Rule 62A for Courts of Civil Appeals (149 S. W. x).

The assignment is overruled, and the judgment is affirmed.