**BORAH v. YOUNG et al.**

**No. 10552.**

Court of Civil Appeals of Texas. San Antonio.

June 7, 1939.

Rehearing Denied June 21, 1939.

Affirmed.

Kelley, Looney & Norvell, of Edinburg, for appellant.

Vinson, Elkins, Weems & Francis, of Houston, Jesse G. Foster, of Raymondville, Lawther, Cramer, Perry & Johnson, of Dallas, and Oliver C. Aldrich and Felix L. McDonald, both of Edinburg, for appellees.

SLATTON, Justice.

Appellant, Borah, filed this action in trespass to try title to recover the East one-half of Lot 13, Block 90, Missouri-Texas Land & Irrigation Company's Subdivision in Las Mestenas Grant, Hidalgo County, from Charles N. Young, First Trust Joint Stock Land Bank of Chicago, McCollum Exploration Company, and Pantano Petroleum Company. A trial before the court resulted in the entry of judgment in favor of the parties last named and against Borah; hence this appeal.

The appeal presents a single question of whether or not the sale of the land to Charles N. Young by an agent and attorney in fact, appointed by a substitute trustee, is valid under provisions of a deed of trust providing for a sale of the land upon default in installments without declaring the entire debt due.

Borah contends that the substitute trustee's sale, under which appellees assert title,

is invalid because the deed of trust does not authorize the trustee named in said deed of trust to sell the property for defaulted installments upon the loan secured thereby, without first declaring the entire amount of said loan due and payable.

The material provisions of the deed of trust are as follows:

"If any of the payments in the above described note be not made as the same become due and payable, or if Grantors shall permit any taxes or assessments on said land to become delinquent, or fail to keep the buildings on said premises insured as may be required herein, or apply the proceeds of this loan to substantially different purposes from those for which it was obtained, or if the property herein described shall be sold at foreclosure sale under a junior lien to that evidenced hereby, or in case of a breach of any of the agreements or covenants herein mentioned, the whole note, at the option of The First-Trust Joint Stock Land Bank of Dallas, or the legal or equitable owner or holder thereof, shall become immediately due and payable, and at the request of the said owner or holder of said note said Trustee, or his successor or successors appointed herein, is hereby authorized and empowered to sell the property hereby conveyed, at public auction, to the highest bidder 'for cash, at the Court House Door of the County in which the above described lands, or any part thereof, is situated, between the hours of ten o'clock in the forenoon and four o'clock in the afternoon, on the first Tuesday of any month, after advertising the time, place and terms of said sale and the property to be sold, by posting for at least twenty-one consecutive days prior to the date of said sale written or printed notices thereof at three public places in said County, one of which shall be at the door of the County Courthouse of said County, or by giving such notice of said sale by advertising the same in the manner and for the length of time then required by law, and Grantors do hereby authorize and empower Melvin A. Traylor, Trustee, and each and all of his successors in this trust, to sell said property together, or in lots or parcels, as such Trustee shall deem expedient, and to execute and deliver to the purchaser or purchasers of said property good and sufficient deeds of conveyance thereof by fee simple title, with covenants of general warranty.

"It is agreed that if default be made in the payment of any of the semi-annual installments of the note secured by this deed of trust,. The First-Trust Joint Stock Land Bank of Dallas, or its assigns shall have and is hereby given the right to sell the property herein conveyed, in satisfaction of such defaulted payment, without declaring the whole debt due, such sale to be made upon the same terms and conditions, as to manner of advertisement, time and place of sale, etc., as is provided for in the event said Bank exercises its option and declares the whole note due, save and except that where the sale is made because of the default of one or more of the semi-annual payments such sale shall be made subject to the unmatured part of the note secured by this deed of trust, and it is agreed that such sale shall not in any manner affect the unmatured part of the debt secured by this deed of trust, but as to such unmatured part this deed of trust shall remain in full force and effect, just as though no sale had been made under the provisions of this paragraph: and it is specifically agreed that no one sale under the powers conferred in this paragraph shall exhaust the right of sale under the powers conferred in the first preceding paragraph. hereof relating to the maturity of the entire debt, nor shall one sale exhaust the power of sale to enforce the payment of any subsequently maturing installment, the payment of which may be defaulted, and it is agreed that an assignee holding any installment or installments of the note hereby secured, shall have the same powers as are hereby conferred on The First-Trust Joint Stock Land Bank of Dallas, to request the Trustee named herein, or his successors as herein provided for, to sell the property herein conveyed.

"The Trustee making any sale under either of the powers of sale herein provided for shall receive the proceeds thereof and apply the same as follows:

"(1) He shall pay the reasonable expense of executing this trust, including a commission of 5% to the Trustee.

"(2) After paying such expense, he shall pay, so far as may be possible, the debt hereby secured, and to satisfy which any sale is made, discharging first that portion of said debt arising under the covenants or agreements hereinbefore contained and not evidenced by note.

"(3) He shall pay the residue, if any, to Grantors or his, her or their heirs, executors, administrators. or assigns."

We are of the opinion that the contention of appellant has been overruled by the Amarillo Court of Civil Appeals in the case of Hart v. McClusky, 118 S.W.2d 1077. The deed of trust in that case is identical with the deed of trust in this case. The Supreme Court settled the question by the refusal of the application for writ of error. The appellant calls our attention to the fact that in the Hart case, supra, the sale was made at the instance of the assignee of a defaulted installment and not at the instance of an assignee of the entire indebtedness, as is the case here.

It is our opinion that the distinction is immaterial. If a sale made at the instance of an assignee of a defaulted installment be valid, as the courts have held, no good reason is suggested to hold a like sale invalid for the reason that such assignee is also the owner of the entire indebtedness and does not desire to exercise his option to declare the entire indebtedness due.

Upon the authority cited, we deem it our duty to affirm the judgment of the trial court. It is so ordered.