**NORRISS et al. v. PATTERSON et al.**

No. 15446.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 2, 1953.

Rehearing Denied Nov. 6, 1953.

Nelson, Montgomery, Robertson & Sellers, and Stayton M. Bonner, Wichita Falls, for appellants.

Thompson & Coe and Vernon Coe, Dallas, for appellees.

MASSEY, Chief Justice.

From a judgment declaring a deed to real estate to be a mortgage, the terms of which were fully satisfied, and awarding title and possession of the property to the grantor-mortgagor and her children, the grantee-mortgagee, and his successors in record title, by way of deed from him, appeal.

Judgment affirmed.

Catherine Patterson, joined pro forma by her husband, filed a suit in District Court to recover title and possession of certain real estate consisting of a house and lot in Wichita Falls, Texas. As plaintiff, she brought the suit in her own behalf and as next friend in behalf of the minor children of her marriage to P. S. Johnson, deceased. The property in question was community property of her marriage to P. S. Johnson, who died on October 3, 1945. Judgment, based upon answers to special issues propounded to a jury, was entered awarding to her, individually and as next friend of the children, title and possession of the property in question. Such judgment was based upon the jury finding that the warranty deed to the property, executed by Mrs. Patterson at a time when she was Mrs. Johnson, and executed by her as her individual act and also as her act as community survivor of the community estate of P. S. Johnson and herself, was intended by the parties not as a deed to such property but instead was intended as a mortgage securing an indebtedness of Mrs. Johnson, which indebtedness stood fully paid. For convenience, Mrs. Patterson will hereinafter be referred to as Mrs. Johnson.

The suit was filed against C. E. Norriss, who was named as the grantee in the deed, and by the judgment was held to actually have been the mortgagee in possession under such instrument as per its intent, and also against Mr. and Mrs. Ted Camp, to whom Norriss had delivered a subsequent deed to the property received by him from Mrs. Johnson. From the judgment, as per its adverse holdings against them, Norriss and the Camps bring this appeal.

P. S. Johnson had died intestate, and his widow never qualified as community survivor. In October, 1946, Mrs. Johnson borrowed $500 from the First National Bank of Wichita Falls, Texas and gave a note for the indebtedness and executed as security for the payment of the debt as represented by the note a deed of trust on the property in question. Subsequently, in February, 1947, for the purpose of paying off this note to the bank and for the purpose of paying for repairs to property not involved in this suit, Mrs. Johnson borrowed $1,562.42 from Norriss, giving him a note to secure the indebtedness so evidenced and also executed as security for the payment of the debt so established a deed of trust on the property in question. Mrs. Johnson became delinquent in the payments she owed Norriss on the note. In November, 1947, as result of an agreement between herself and Norriss, Mrs. Johnson executed the deed form in question to him for a consideration recited to be $1,500, and further recited to be fully paid by the cancellation

of the note she had previously given. Mrs. Johnson delivered possession of the premises to Norriss.

In February, 1948, Mrs. Johnson learned that Norriss had deeded the property to Mr. and Mrs. Camp, who were in possession of the property. About the same time H. M. Patterson, who was then the employer of Mrs. Johnson, held a conversation with Ted Camp, during the course of which Camp said, in effect, that he knew his title to the property was not any good and that he was going to deed the property back to Norriss. Camp never deeded the property, but continued to hold record title and possession. Mrs. Johnson's suit was filed March 19, 1952.

Mr. and Mrs. Camp plead the three year statute of limitation. By the jury's answers to special issues they found that the Camps had possession of the property for three years or more prior to date suit was filed, and likewise, claimed title adversely to Mrs. Johnson for a period of three years or more prior to such date, in good faith placing valuable and permanent improvements thereon, increasing the cash market value of the property in the amount of $900. While not material to the appeal, the Camps were recompensed for the improvements. The jury found that Ted Camp did make the statement to H. M. Patterson that he knew his title was not any good and that he was going to deed the property back to Norriss, which representation by Camp was reported to Mrs. Johnson and relied upon by her in delaying the filing of her suit until the time the reasonable rents on the property became sufficient to pay off her indebtedness to Norriss. In the appeal no error is assigned to the action, nor is error assigned to the judgment because of the findings of the jury applicable to the three year statute of limitation, nor is error assigned to the judgment entered in consideration thereof. These appellants, joined in their plea by Norriss, instead urge the four year statutes of limitations, which relate to personal actions, as basis for error predicated upon the fact that between the time Mrs. Johnson discovered that the property had been deeded to Mr. and Mrs. Camp and the time she filed suit more than four years' time had elapsed.

In so far as Norriss is concerned the issues in the case would be settled should it properly be held that the deed was intended as a mortgage, and in view of the circumstances just described the issues in the case would be settled as to all parties should it properly be held that the deed constituted an equitable mortgage.

■ The effect of the judgment of the trial court, based upon findings of the jury, was that Norriss agreed to take a mortgage on the property in question as mortgagee, further agreeing to take possession of the property as a "mortgagee in possession". That he agreed to manage the property by way of keeping it rented, maintaining it in condition of repair, insuring it and paying the taxes thereon and handling it "just as though he owned it"—until the rent therefrom collected was sufficient to retire the indebtedness and interest thereon, plus cost of maintenance, insurance and taxes,—at which time the mortgage (though in the form of a deed) given as security for such indebtedness would be released and the property returned to Mrs. Johnson and her children free and clear of lien. Further effect of the judgment and jury findings was that in executing the instrument Mrs. Johnson relied upon Norriss' agreement aforesaid, and further upon his representations that the deed instrument was in fact a mortgage, not a conveyance, and that she executed the same as a mortgage, and delivered constructive physical possession of the property to Norriss for the aforesaid purposes. The jury further found that all the indebtedness secured by the mortgage stood fully paid.

■ A mortgage does not pass title, but as to real estate is an executed contract pledging the title as a security for performance of an obligation by a legal or equitable owner. If the deed instrument was intended to constitute a mortgage, it would be what is termed an equitable mort-

gage. If it was an equitable mortgage title to the property was never divested of the grantor, and mere passage of time could not have prejudiced Mrs. Johnson.

The rule is now well known and well settled that a deed which purports on its face to be a conveyance of property without qualification may be held to be a mortgage of the property as security for the payment of a debt. The rule has been recognized by the Texas courts since the earliest days. Luckett v. Townsend, 1848, 3 Tex. 119, 49 Am.Dec. 723. This follows the premise that whenever the purpose of the giving of the deed is the giving of security for a debt, then title does not pass and it is a mortgage only. Conway Ex'rs v. Alexander, 1812, 7 Cranch 218, 3 L.Ed. 321. See also the discussion in 29 Tex.Jur., beginning at page 799, and the cases there cited. Reference is also made to the oft-quoted test in such cases from 3 Pomeroy's Equity Jurisprudence, 4th Ed., sec. 1195, quoted in 29 Tex.Jur., p. 815, sec. 21. See also Parmenter v. Kellis, Tex.Civ.App. Fort Worth 1941, 153 S.W.2d 965, writ refused. Stating the test with considerably more brevity, " * * * but if the debt subsists, and that relation (of debtor and creditor) exists as well after as before the transaction, then the instrument will be considered as a mortgage." John T. Hardie & Co. v. Campbell, 1885, 63 Tex. 292. Parol evidence is admissible to show that a warranty deed absolute in form was a mortgage and not a deed, notwithstanding that the consideration expressed was a contractual consideration. Bradshaw v. McDonald, 1949, 147 Tex. 455, 216 S.W.2d 972

Since the original relationship between Mrs. Johnson and Norriss was that of mortgagor and mortgagee, and likewise of debtor and creditor, the matter for examination is actually that bearing upon whether Mrs. Johnson is still in debt to Norriss, and if so what is the amount she owes. If the debt is paid off then Mrs. Johnson is entitled to have the mortgage released, for without continuance of existence of a debt any security given for the payment of the debt may not be retained. The situation would be the same as to some physical property pledged and left on deposit as security for the payment of debt. The pledgee would have no right to retain it after the debt is paid.

And if there is still owed some amount on the debt by Mrs. Johnson, then she is not entitled to cancellation of her mortgage, pledged as security for her debt, and she is not entitled to recover possession of her property, as under the circumstances of this case the possession of such is an additional pledge made by her as security for her debt. Thompson on Real Property, Perm.Ed., Vol. 9, sec. 4693; Robinson v. Smith, 1939, 133 Tex. 378, 128 S.W.2d 27. Since Norriss contends that the deed was an instrument of conveyance, and since Camp, who holds title and possession through Norriss, contends likewise, then of course Mrs. Johnson would be entitled to maintain an action to clear her title, even though she is not entitled to cancellation of her mortgage or physical restoration of the property.

We find to be without merit those points of error urged by appellants which are predicated upon a contention that if a community survivor, who is empowered to convey title to community property to satisfy debts, either sells community property at a time when there exists a community indebtedness, or who uses the proceeds from such a sale to pay a debt due still a third person (from which third person the loan constituting the debt was either made at a time when there was community indebtedness, or used to pay community indebtedness) necessarily does so pass title by the sale or by such application of the proceeds of a sale. The contention has no application to this case for the reason that the jury established by its verdict that there was no sale. Indeed, whether a community survivor has lawful authority or not to mortgage community property, or her interest therein, which she could lawfully sell and convey as community survivor, would not even be a question. She did not purport to sell, nor did she sell. The statutes do not declare that under such a cir-

cumstance,—where a community survivor purports to mortgage community property—even to pay community debts, the act will be held a sale. Neither may we so hold.

■■ Appellants further claim that the deed could not be enforced as a contract of mortgage, if such was the intended transaction, because of the absence in that part of the agreement of the parties providing for Norriss to rent the property and apply the proceeds from such rent to the indebtedness, of any prescribed rate of rent credits to be applied upon the indebtedness. Appellants contend that the lack of such prescription creates a condition as to payment which might never be satisfied, hence being invalid as a mortgage because of the rule against perpetuities. The rule against perpetuities does not apply except where restraint upon alienation of title is involved. Neither by statute nor common law is there any application of the rule to mortgages. There is no alienation of title involved in a mortgage and neither is there involved any restraint upon alienation of title.

■ Where there is no time specified for payment of a mortgage a reasonable time will be presumed and will be allowed. 59 C.J.S., Mortgages, § 447, page 695.

■ Where constructively there is prescribed a time for the payment of a mortgage, though conditionally prescribed, properly considered as indefinite, or perhaps never to occur, such would have no effect upon the validity of the transaction as a mortgage. Thompson on Real Property, Perm.Ed., Vol. 9, sec. 4686; Board of Church Erection Fund of General Assembly of Presbyterian Church in United States of America v. First Presbyterian Church of Seattle, 1898, 19 Wash. 455, 53 P. 671. In such a case the mortgagee could not complain, because he would have agreed to the contract as so conditioned as to time when he accepted the mortgage as security.

■ This raised the question as to proper measure of credit by way of rent to be applied to Mrs. Johnson's indebtedness. Considering the fact that Norriss purport-

edly sold the property to Camp, and expended no money for maintenance or insurance, or to pay taxes, he could not be entitled to reimbursement of any expenditures therefor. Contention of the appellants regarding the unenforceability of the contract, and hence its invalidity, because of its vagueness as to the amounts of these expenditures becomes a moot contention as having no materiality in the case. The measure of the credits, which Norriss would be obliged to apply on the debt owing, would be the reasonable amount of rent he could have, or should have, in the exercise of ordinary care, received as rent for the property had he lived up to his agreement. The measure of credit would be the property's reasonable rental value per month during the period beginning at date of the delivery of possession under the mortgage agreement, and ending at date computable from such reasonable rental value per month as sufficient to have paid the indebtedness. Under the jury findings as to such value, multiplication of such by the applicable measure of time demonstrates that the amount Mrs. Johnson owed Norriss is paid. Hence, the rights of Norriss under the mortgage having been enforced to fulfillment, Mrs. Johnson's rights are likewise enforceable.

■ The fact that Mrs. Johnson knowingly allowed Camp to hold the property in question under color of title for more than four years without bringing this suit has no effect upon her right to maintain the action, when challenged by a plea of four year limitation. It is noted that both sets of appellants, though only one of them having plead the three year limitation statute, on appeal rely on the four year limitation statutes. The four year statutes relate to personal action limitations, not to actions to recover real estate or interests therein. Tex. Rev.Civ.Statutes 1925, Articles 5527, 5528 and 5529.

Fraud is not an issue between Mrs. Johnson as the plaintiff against Norriss and his successors in record title as defendants. Fraud could be an issue between Norriss and such successors, but it is not raised.

Even assuming that Norriss acted fraudulently in conveying to his successors in title, it is not a fraud incumbent upon Mrs. Johnson to prove as part of her case. Fraud is not an issue in her case since fundamentally her case is against Norriss alone, and only as ancillary thereto does it exist against Mr. and Mrs. Camp by reason of the fact that they appear of record as owners of title and because they are in fact in possession of the property in controversy. Appellants' contentions predicated upon the failures of appellees to plead, prove and have submitted to and found by the jury issues on fraud have no application to the case, it not having been tried upon the theory that the deed from Mrs. Johnson to Norriss was induced by fraud, but to be instead tried upon the theory that it was intended by both a mortgage.

Judgment of the trial court is affirmed.