

# THE ATTORNEY GENERAL
# OF TEXAS

December 14, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Earl Hale
Deputy Commissioner
Texas Savings and Loan
   Department
3601 North Lamar, Suite 201
Austin, Texas   78705

Opinion No. JM-834

Re:  Applicability of open beach disclosure require-ments, section 61.025 of the Natural Resources Code, to certain activi-ties of savings and loan associations (RQ-1092)

Dear Deputy Commissioner Hale:

Section 61.025 of the Natural Resources Code was enacted in 1985 and provides that a person who sells or conveys an interest, other than a mineral, leasehold, or security interest, in real property located essentially seaward of the Gulf Intracoastal Waterway must provide a specified notice to the purchaser stating, <u>inter alia</u>, that any structure erected seaward of the vegetation line (or that subsequently becomes seaward of the vegetation line) is subject to a lawsuit by the state to remove the structure. You ask six questions regarding the applicability and scope of section 61.025 of the Natural Resources Code. We will answer each of your questions in turn.

You first ask:

> Does the Disclosure Requirement apply to non-judicial foreclosure sales whereby the mortgaged properties are acquired by: (i) the mortgagee; or (ii) an unrelated third party?

The disclosure requirements to which you refer are set forth in section 61.025 of the Natural Resources Code, which provides the following:

> (a) A person <u>who sells or conveys an interest, other than a mineral, leasehold, or security interest, in real property</u>

located seaward of the Gulf Intracoastal Waterway to its southernmost point and then seaward of the longitudinal line also known as 97 degrees, 12′, 19″ which runs southerly to the international boundary from the intersection of the centerline of the Gulf Intracoastal Waterway and the Brownsville Ship Channel must include in any executory contract for conveyance the following statement:

The real property described in this contract is located seaward of the Gulf Intracoastal Waterway to its southernmost point and then seaward of the longitudinal line also known as 97 degrees, 12′, 19″ which runs southerly to the international boundary from the intersection of the centerline of the Gulf Intracoastal Waterway and the Brownsville Ship Channel. If the property is in close proximity to a beach fronting the Gulf of Mexico, the purchaser is hereby advised that the public has acquired a right of use or easement to or over the area of any public beach by prescription, dedication, or presumption, or has retained a right by virtue of continuous right in the public since time immemorial, as recognized in law and custom.

The extreme seaward boundary of natural vegetation that spreads continuously inland customarily marks the landward boundary of the public easement. If there is no clearly marked natural vegetation line, the landward boundary of the easement is as provided by Sections 61.016 and 61.017, Natural Resources Code.

State law prohibits any obstruction, barrier, restraint, or interference with the use of the public easement, including the placement of structures seaward of the landward boundary of the easement. STRUCTURES ERECTED SEAWARD OF THE VEGETATION LINE (OR OTHER APPLICABLE EASEMENT BOUNDARY) OR THAT BECOME SEAWARD OF THE VEGETATION LINE AS A RESULT OF NATURAL PROCESSES ARE SUBJECT TO A LAWSUIT BY THE STATE OF TEXAS TO REMOVE THE STRUCTURES.

> The purchaser is hereby notified that the purchaser should seek the advice of an attorney or other qualified person before executing this contract or instrument of conveyance as to the relevance of these statutes and facts to the value of the property the purchaser is hereby purchasing or contracting to purchase.
>
> (b) If there is no executory contract for conveyance, the statement must be delivered to, and receipt thereof acknowledged by, the purchaser prior to closing the transaction.
>
> (c) Failure to include the statement in an executory contract for conveyance shall be grounds for the purchaser to terminate such contract, and upon termination any earnest money shall be returned to the party making the deposit.
>
> (d) Failure to provide this statement prior to closing, either in the executory contract for conveyance or in a separate written statement, shall constitute a deceptive act under Section 17.46, Business & Commerce Code.
>
> (e) This section, or the failure of a person to give or receive the notice required by this section, does not diminish or modify the beach access and use rights of the public acquired through statute or under common law.   (Emphasis added.)

Section 2 of the original 1985 act provides: "This Act applies only to a contract for conveyance or a conveyance executed on or after October 1, 1986." Acts 1985, 69th Leg., ch. 350, §2 at 2616.

Essentially, you wish to know whether a nonjudicial foreclosure sale effects a sale or conveyance for purposes of subsection (a) of section 61.025 of the Natural Resources Code. We conclude that it does.

Section 51.002 of the Property Code authorizes a mortgagee to sell real property pursuant to the powers granted in a deed of trust. See generally Baggett, "Acceleration and Foreclosure on Texas Real Estate," 14 Tex. Tech L. Rev. 695 (1983); Rant, "ULTA [Uniform Land

Transactions Act] and Nonjudicial Mortgage Foreclosure  in Texas," 12 St. Mary's L.J. 1104 (1981); Cotellesse, "Nonjudicial Foreclosure  under  a Deed  of  Trust:  Some Problems of Notice," 49 Tex.  L. Rev.  1085 (1971).  The section does not require a lawsuit and entry of a judgment directing foreclosure;  thus, Texas  permits what  is,  in effect,  nonjudicial  foreclosure.  See  generally, Williamson v. Tucker,  615 S.W.2d  881 (Tex.  Civ. App.  - Dallas 1981, writ ref'd  n.r.e.); Armenta v. Nusbaum,  519 S.W.2d 673 (Tex.  Civ. App.  - Corpus  Christi 1975,  writ ref'd n.r.e.).  The section  requires that public sale  be held under certain conditions with notice being posted  at the county courthouse,  filed with the  county clerk,  and served by certified mail on  each debtor who is  obligated to pay the debt.

Section 61.025(a)  of  the  Natural  Resources  Code provides that "[a] person who sells or conveys an interest other than a mineral, leasehold, or security interest,  in real  property  located  [within  designated  areas]  must include  in any  executory  contract  for  conveyance"  a specified statement.  Subsection (b) provides:  "If  there is no  executory contract  for conveyance,  the  statement must be delivered to, and receipt thereof acknowledged by, the  purchaser  prior  to  closing  the  transaction."  A mortgage of real property is an executed contract in which the legal or equitable owner  of the property pledges  the title to the property as  security for the performance  of an obligation, ordinarily  a debt that  is evidenced by  a promissory note.  Norriss v.  Patterson,  261  S.W.2d  758 (Tex. Civ. App.  - Fort  Worth 1953,  writ ref'd  n.r.e.); Lusher v. First National Bank,  260 S.W.2d 621 (Tex.  Civ. App. - Fort Worth  1953, writ  ref'd n.r.e.).  In  other words, a mortgage  contract conveys  a security  interest. Accordingly,  the  debtor/mortgagor  need  not  provide  a section 61.025 notice to the creditor/mortgagee.  You wish to know, however, whether such  a notice must be  provided by a trustee  in a nonjudicial  foreclosure sale when  the purchaser is either the  mortgagee or a non-related  third party.  The answer to your  question is determined by  the nature of the interest  conveyed by the nonjudicial  fore-closure sale.

A purchaser at a  foreclosure sale obtains only  such title as  the  trustee  has authority  to  convey.  First Southern Properties, Inc. v. Vallone, 533 S.W.2d 339 (Tex. 1976); Slaughter v.  Qualls, 162 S.W.2d  671 (Tex.  1942). If the interest  conveyed is  "an interest,  other than  a mineral,  leasehold,  or  security  interest,  in  real property," then a section  61.025 notice must be  provided

by the trustee to the purchaser, regardless of whether the purchaser is the mortgagee/creditor or an unrelated third party.

Second, you ask:

> If the Disclosure Requirement is found to be applicable, must the disclosures be set forth in the Trustee's or Substitute Trustee's Deed or in a separate document?

Section 61.025(a) of the Natural Resources Code requires that the specified notice be included "in any executory contract for conveyance." Subsection (b) provides: "If there is no executory contract for conveyance, the statement must be delivered to, and receipt thereof acknowledged by, the purchaser prior to closing the transaction." You ask whether the notice must be set forth in the Trustee's or Substitute Trustee's Deed or in a separate document.

An "executed contract" refers to a completed contract, i.e., one in which the object of the contract is performed. B. L. Nelson & Associates, Inc. v. City of Argyle, 535 S.W.2d 906 (Tex. Civ. App. - Fort Worth 1976, writ ref'd n.r.e.); General Electric Credit Corp. v. First National Bank of Dumas, 432 S.W.2d 737 (Tex. Civ. App. - Amarillo 1968, no writ). It has also been said that, despite any doubts that may once have existed on the matter, it is now well settled that an executed contract also exists where the contract has been wholly performed on one side regardless of whether or not it has been performed on the other side. Gugenheim v. Hancock, 231 S.W.2d 935 (Tex. Civ. App. - Amarillo 1950, writ ref'd n.r.e.); Lammers v. Wolfertz, 164 S.W. 1102 (Tex. Civ. App. - San Antonio 1914, writ ref'd). An "executory contract," on the other hand, is one that is still unperformed by both parties or one with respect to which something still remains to be done on both sides. Id. For example, a contract for the sale of land is still executory where the deed conveying the property has not been delivered and accepted. McCall v. Whaley, 115 S.W. 658 (Tex. Civ. App. 1908, no writ).

A deed is an instrument in writing that conveys title to real estate. See Lockridge v. McCommon, 38 S.W. 33 (Tex. 1896); Wilson v. Beck, 286 S.W. 315 (Tex. Civ. App. - Dallas 1926, writ ref'd). The terms "deed," "conveyance," and "deed of conveyance" are frequently used interchangeably to denote an instrument in writing whereby

a grantor conveys to a grantee some right, title, or interest in or to real property. _Texas Electric Railway Co. v. Neale_, 244 S.W.2d 329 (Tex. Civ. App. - Waco 1951), _rev'd on other grounds_, 252 S.W.2d 451 (Tex. 1952). An instrument that fails to operate as a present conveyance may be construed as a contract to convey. _Hanrick v. Gurley_, 54 S.W. 347 (Tex. 1899), _on rehearing_, 55 S.W. 119 (Tex. 1900), _mod. on other grounds_, 56 S.W.330 (Tex. 1900); _Martin v. Texas Co._, 89 S.W.2d 260 (Tex. Civ. App. - Fort Worth 1935, writ dism'd by agreement). The words "sold and conveyed" and words of a similar meaning are presumptively words of a present conveyance. _Snow v. Prince_, 13 S.W.2d 342 (Tex. Comm'n App. 1929); _Continental Royalty Co. v. Marshall_, 239 S.W.2d 837 (Tex. Civ. App. - Texarkana 1951, no writ). If it is manifest from the whole instrument, however, that further acts or conveyances are contemplated by the parties, the writing will be deemed an agreement to convey rather than a conveyance. _Id._ For example, a deed conveying real property and reserving a lien for the unpaid purchase money is an executory contract that will ripen into title in the purchaser when the purchaser has performed the obligation to pay the purchase price. _Baker v. Marable_, 396 S.W.2d 222 (Tex. Civ. App. - El Paso 1965, writ ref'd n.r.e.); _Bailey v. Burkitt_, 201 S.W. 725 (Tex. Civ. App. - Galveston 1918, no writ).

The Property Code does not set forth specific language that must be contained in a Trustee's or Substitute Trustee's Deed. If the deed fairly can be construed as an executory contract, then, by the terms of subsection (a) of section 61.025 of the Natural Resources Code, the notice must be contained therein. If, however, the deed is not executory in nature, subsection (b) requires that notice must be delivered in a separate document.

Your third question is:

> If the Disclosure Requirement is found to be applicable, must disclosure be provided to the mortgagee (which has the potential to acquire any or all of the properties posted for non-judicial foreclosure sale) for each individual foreclosure or may the Disclosure Requirement be satisfied by either (i) one 'master disclosure' whereby the mortgagee acknowledges that the properties located in certain designated counties are subject to the Disclosure Requirement; or (ii) by a

> monthly 'master disclosure' whereby the
> mortgagee, on a monthly basis, acknowledges
> that certain designated properties are
> subject to the Disclosure Requirement?

You ask about a situation in which a mortgagee purchases the security at a nonjudicial foreclosure sale. Section 61.025 of the Natural Resources Code evidences the apparent legislative intent that notice must be provided for each individual foreclosure. The statute specifically provides that the person who sells or conveys the real property interest must include the statutory notice "in any executory contract for conveyance." The required notice itself begins: "The real property described in this contract. . ." (emphasis added). We think that the legislature intended that the sale of each parcel subject to foreclosure must be accompanied by a notice.

Our conclusion that notice must be provided for each foreclosure is strengthened by the fact that Texas courts, in the absence of contractual provisions permitting acceleration and foreclosure, have permitted partition and foreclosure:

> If the security is susceptible to sale in
> parcels, the Court should, with respect to
> each deed of trust separately, order a sale
> of as much of the security as may be
> necessary to satisfy the amount then due on
> the note secured thereby plus the expenses
> of sale and one-third of the court costs.

Motor & Industrial Finance Corp. v. Hughes, 302 S.W.2d 386, 395 (Tex. 1957), affirming Warren v. Harrold, 49 S.W. 364 (Tex. 1899). (Emphasis added.) If the deed of trust so provides, the trustee can sell the security in its entirety, subject to a lien retained by the mortgagee, for the unmatured portion of the debt, or reserve the power to make additional partial foreclosures in the future. See Borah v. Young, 129 S.W.2d 782, 784 (Tex. Civ. App. - San Antonio 1939, writ ref'd) (sale in entirety); Todd v. Hunt, 127 S.W.2d 340, 342-43 (Tex. Civ. App. - El Paso 1939, writ ref'd) (reserved power). If we were to conclude that notice is not required for each foreclosure, the evident legislative intention to provide notice to each purchaser would be thwarted.

We are required to give effect to the evident intent of the legislature when it enacts a provision. Minton v.

Frank, 545 S.W.2d 442 (Tex. 1976); Calvert v. Texas Pipe Line Co., 517 S.W.2d 777 (Tex. 1974). We conclude that section 61.025 of the Natural Resources Code requires a notice for each parcel upon which there is a foreclosure.

Your fourth question is:

> On a related matter, in the event such disclosures are provided to the mortgagee and the property is actually purchased by an unrelated third party either before the non-judicial foreclosure sale or at the non-judicial foreclosure sale, is the act of giving such a notice to the non-purchasing mortgagee a deceptive act under the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. 17.41 et seq. (Vernon Supp. 1987)?

Subsection (d) of section 61.025 of the Natural Resources Code provides: "Failure to provide this statement prior to closing, either in the executory contract for conveyance or in a separate written statement, shall constitute a deceptive act under section 17.46, Business & Commerce Code." You ask whether a deceptive trade practice is committed in an instance in which a section 61.025 notice has been provided to a non-purchasing mortgagee. We have examined section 17.46 of the Business and Commerce Code and the cases and opinions decided under it. We fail to see in what way the Deceptive Trade Practices Act can be violated by giving notice to someone to whom the statute does not require that notice be given. We assume that you intend to ask whether the failure to give notice to a purchasing unrelated third party, even though notice was given to the non-purchasing mortgagee, constitutes a violation of the Deceptive Trade Practices Act. Clearly, by the very terms of subsection (d), it does; the purchaser must be given notice and failure to do so constitutes a violation of the act.

Your fifth question is:

> With respect to purchases by unrelated third parties at non-judicial foreclosure sales, is it sufficient to obtain the acknowledgment required by the statute at the time of the sale?

Subsection (a) of section 61.025 requires that proper notice be included in any executory contract for conveyance. Subsection (b) provides that, in the event that there is no executory contract for conveyance, notice must be delivered to the purchaser (and acknowledged thereby) prior to closing the transaction. Obviously, by the very terms of section 61.025, providing notice and obtaining acknowledgment at the time of the nonjudicial foreclosure sale satisfies the requirements of the section.

Your final question asks:

> Will a list of the counties deemed to 'border' the Gulf of Mexico ever be promulgated and published? In the interim, or in the event such a list will not be promulgated and published, is Harris County considered to 'border' the Gulf of Mexico?

Your request for an opinion was submitted prior to the adjournment of the 70th Legislature. The originally enacted version of section 61.025 provided that the notice requirements applied to "real property . . . located in a county that borders the Gulf of Mexico." Acts 1985, 69th Leg., ch. 350, §1, at 2616. The section was amended during the 70th Legislature to address the concern that you raise. Now the notice requirements apply to real property located

> seaward of the Gulf Intracoastal Waterway to its southernmost point and then seaward of the longitudinal line also known as 97 degrees, 12', 19" which runs southerly to the international boundary from the intersection of the centerline of the Gulf Intracoastal Waterway and the Brownsville Ship Channel.

Acts 1987, 70th Leg., ch. 75, at 370. Though we do not make findings of fact in the opinion process, we note, after examination of a map, that Harris County does not fall within the ambit of the section's boundaries. For purposes of section 61.025 of the Natural Resources Code, then, Harris County does not border the Gulf of Mexico.

## S U M M A R Y

1. If the interest in real property conveyed pursuant to a nonjudicial foreclosure sale is "an interest, other than a mineral, leasehold, or security interest in real property," then a statement as specified by section 61.025 of the Natural Resources Code must be provided to the purchaser, regardless of whether the purchaser is the mortgagee or an unrelated third party.

2. If the Trustee's or Substitute Trustee's Deed fairly can be characterized as an executory contract for conveyance, then the section 61.025 statement must be included therein. If, on the other hand, the deed is not an executory contract, then the section 61.025 statement must be included in a separate document.

3. Section 61.025 of the Natural Resources Code applies to each individual nonjudicial foreclosure sale.

4. The act of giving to a non-purchasing mortgagee a section 61.025 statement does not constitute a deceptive trade practice in violation of section 17.46 of the Business and Commerce Code.

5. With respect to purchases by unrelated third parties at nonjudicial foreclosure sales, it is sufficient that the buyer obtain the acknowledgment required by the statute at any time prior to closing the transaction.

6. Section 61.025 of the Natural Resources Code does not apply to real property located in Harris County.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General