**W. A. VILBIG et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10601.**

Court of Civil Appeals of Texas.

Austin.

Oct. 29, 1958.

Rehearing Denied Nov. 19, 1958.

————————

Wm. Andress, Jr., Dallas, for appellants.

Will Wilson, Atty. Gen., Sam Lane, Asst. Atty. Gen., for appellee.

ARCHER, Chief Justice

This case concerns priorities between the Vilbig assignment and the State's garnishment, involving an interpleaded fund.

Texas Bitulithic Company hired Allen M. Crouch in the middle of May, 1955, to haul rock for it, paying him weekly. Prior thereto, Crouch, being short of money, had secured funds from W. A. and J. W. Vilbig III, a partnership comprised of W. A. Vilbig and J. W. Vilbig III (hereinafter called Vilbig), providing in part that all moneys received by Crouch from any source should be deposited in an account subject to counter signature of Crouch and Vilbig, and that letters should be sent to all persons with whom Crouch did business instructing them to make all payments to Crouch and Vilbig jointly; such written contract providing for payment from such account to the Vilbigs until their debt was discharged. The letter, provided for in paragraph two, was sent to Texas Bitulithic Company on June 17, 1955.

By a further written agreement Crouch rented equipment from Vilbig at a rental of $450 on the first four Mondays in each month, providing that failure to pay rentals should act as an assignment of all Crouch's accounts receivable.

After Texas Bitulithic received the letter of June 17, 1955, it made checks jointly to Crouch and to Vilbig for about ten weeks. When the controversy here involved arose, Crouch owed Vilbig a balance of approximately $2,200 on the March contract and

was in default of his weekly rental payments under the August contract.

On September 21, 1955 the State filed the original garnishment action out of which this appeal grows. Texas Bitulithic Company as garnishee admitted an indebtedness of $1,142.25, interpleaded several claimants including Vilbig, all of whom defaulted except Vilbig, who pleaded an assignment by Crouch of the balance owing from Texas Bitulithic Company.

Texas Bitulithic Company tendered the amount owed into Court and was discharged, leaving a balance of $1,003.80 to be litigated between the State and Vilbig, and upon a nonjury trial the fund was awarded to the State.

The appeal is based on two points:

"First Point: Crouch having assigned his claim against Texas Bitulithic Company to Vilbig pursuant to which Texas Bitulithic was including Vilbig in all payments thereon, there was an executed assignment, Vilbig not being required to do anything further except collect their money.

"Second Point: The State's garnishment on judgment against Crouch on 21 September 1955 could reach only Crouch's remaining interest in the indebtedness owed by Texas Bitulithic Company, the assignment of which had been recognized by Texas Bitulithic Company since 17 June 1955, and was accordingly subordinate and inferior to the Vilbig claim."

The basic question is:

"(1) Whether the contract in question was an executed or executory contract and (2) the date or time when an agreement or contract, if any, was entered into between the Texas Bitulithic Company and Crouch relative to hauling."

The appellee counters with the proposition that there was competent evidence before the Court that the contract was executory and that the assignment was void as to funds in the hands of the Texas Bitulithic Company, because there was no evidence to show that a contract existed between Crouch and the company.

We believe that the agreement between Vilbig and Crouch was executory and not a complete one. Lammers v. Wolfertz, Tex.Civ.App., 164 S.W. 1102, er. ref.

The contract provided that Vilbig would assist Crouch in the management of his funds, and provided for a fee of $1,000 and such assistance was to have continued for a considerable time. It is not shown that either of the Vilbigs ever assisted Crouch manage his business other than countersigning checks, and to this extent the contract had not been performed entirely.

The Trial Court was not in error in deciding that the contract of assignment was not effective as to funds in the hands of the Bitulithic Company in view of the failure of the evidence to show a contract existed between Crouch and the company that could create a potential fund assignable at the time of the execution of the contract of assignment. 1 Restatement, Contracts, 187, Sec. 154, Subsec. (2).

In Globe Indemnity Co. v. West Texas Lumber Co., Tex.Civ.App., 34 S.W.2d 896, 898, no writ, this Court held:

"* * * Future earnings or profits under a contract not yet made have no potential existence, and any attempt to assign them is void." Citing cases.

There is no evidence of a contract adduced showing that Crouch had entered into an agreement with the Bitulithic Company to do the hauling prior to March 31, 1955, and Crouch did not do any hauling for the company until about the middle of May, 1955.

The contract refers specifically to two contracts entered into prior to March 31, 1955, and the Bitulithic Company is not one of them.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.