Holland PAGE and Continental Casualty Company, Appellants,

v.

H. T. BAILEY, Appellee.

No. 18653.

United States Court of Appeals
Fifth Circuit.

May 12, 1961.

Rehearing Denied July 7, 1961.

David L. Tisinger, Austin, Tex., J. R. Sorrell, Corpus Christi, Tex., for appellants.

Paul W. Nye, Hubert L. Stone, Jr., and Nye, Cohn & Morris, Corpus Christi, Tex., Butler, Williams & Stone, Robstown, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from a judgment by the trial court, sitting without a jury, in which the appellee, Bailey, obtained a judgment against Page and Page's bonding company on a government contract under the Miller Act, 40 U.S.C.A. § 270a et seq.

Although the facts are somewhat complicated, our disposition of the case makes possible a short statement of those essential to our decision.

The two parties entered into an oral contract on February 28, 1956, under which Page agreed to bid on a government contract on Matagorda Island, Texas, and Bailey agreed to do the work. Page was to finance the construction and he was to receive a specified sum, represented by the number of tons of asphalt placed on the project. Page claimed that in addition to this sum Bailey agreed, as part of the consideration for Page's undertaking, to pay Page an amount, then not definitely determined, but which represented an indebtedness which the parties agree had resulted from a prior contract at Port Lavaca, Texas. Whatever profit was left would belong to Bailey. Bailey disputed the item of additional consideration, but agreed, independently of the new contract between them, that he promised Page that he would pay the prior existing debt out of the profits under the new contract.

The parties stipulated, so far as affects the amount involved on appeal, that Bailey would be entitled to recover $3,561.22 from Page under the 1956 contract if Bailey's contention was supported. Otherwise, this amount would be offset by Page's prior claim of $7,013.68 leaving Bailey the debtor in the sum of $3,452.46.

The parties testified in person on the trial. There was no dispute about Bailey's having ended up after the job at Port Lavaca indebted in the sum of $7,013.68 to Page, although the exact amount of this had not been stated between them prior to the bringing of the present suit; nor is there remaining any dispute but that the 1956 contract for road paving at Matagorda Island had been fully completed and Page would owe Bailey the sum of $3,561.22 unless the 1956 contract included as one of its terms an agreement by Bailey to pay the earlier indebtedness.

So far as this litigation is concerned, the earlier indebtedness was first actually claimed by Page against Bailey when Page filed a counter-claim against Bailey's suit for his profits under the Matagorda Island contract. By the date of the filing of this counter-claim the statute of limitations in Texas would have barred the collection of the Port Lavaca debt. The plaintiff, Bailey, therefore, moved to strike the counter-claim on the ground that the debt had been barred by the statute of limitations. Page countered by his assertion that the payment of the debt was part of the consideration for the new contract.

On the trial Bailey testified that he had made no agreement that the $7,013.68 debt would be paid out of the profits of the Matagorda Island contract before he was to receive the part owed him. He admitted only that after he and Page had agreed on the terms of the new contract, he had promised to pay this debt out of his share of the profits. On the other hand, Page testified categorically that Bailey's agreement with Page stipulated that Page would first receive the $7,013.68 before profits were computed as an express term of the oral agreement, and that this was an inducement and consideration for Page's acceptance.

The trial court made findings of fact touching on this matter as follows:

"At the time of the making of the Matagorda Island subcontract between Holland Page and plaintiff Bailey, the said Page told plaintiff Bailey that the Port Lavaca losses, would have to be worked out, and the plaintiff Bailey agreed that the Port Lavaca losses would have to be paid out of the Matagorda Island receipts."

The Court then, however, instead of making a specific finding as to whether the promise that the losses would have to be paid out of the Matagorda Island receipts was a term of the contract or was merely a promise to pay the debt, using the proceeds as a source of the payment, the court said:

"The Court is of the opinion that in spite of said agreement between defendant Page and plaintiff Bailey there was, in law, an insufficient assignment by Bailey to Page so as to

give the Court jurisdiction of the counter-claim by Page and such counter-claim should be dismissed for want of jurisdiction."

■ We think it clear, if the parties actually made the contract contended for by Page, that in return for Page's financing of the new job, he would be entitled to receive out of the profits his profit of $1.00 per ton of asphalt plus all amounts owing to him by Bailey under the Port Lavaca contract, this would be a binding agreement which would prevent the barring of the earlier debt by the running of the statute of limitations. This is true, because the parties would then be dealing with the prior debt just as they would deal with any other asset and the fact that the debt which it represented was identified as having arisen under the earlier contract would not cause it to be barred when the statute of limitations would normally outlaw a suit on the debt itself.

■ Moreover, an agreement to postpone the due date of a payment, if based on consideration, would be binding. The case of Rhoads Drilling Co. v. Allred, 123 Tex. 229, 70 S.W.2d 576, is cited by appellant in support of the proposition that parties to a contract have every power to modify or extend the contract as they see fit.

It appears that the parties both considered the question before the trial court, as the Court did, whether the facts found by the trial court in finding No. VI above, constituted an "assignment" of a part of the proceeds of the Matagorda Island receipts. Touching on this point, the appellant's specification of errors charges error in the following terms:

"The Court erred in holding that the agreement between Page and Bailey to the effect that the Port Lavaca losses would have to be paid out of the Matagorda Island receipts was an insufficient assignment to give the trial court jurisdiction of Page's counterclaim."

■ We agree, of course, that such facts do not constitute an assignment. See Central West Texas Co-Operative Marketing Ass'n v. Banner Dairies, Tex. Civ.App., 252 S.W.2d 483. See also Vilbig v. State, Tex.Civ.App., 318 S.W.2d 10.

■■ As we have indicated above, we do not think that the appellant had the burden of showing a legal assignment of part of the proceeds in order to establish their right to their counter-claim. We think such right could equally well have been established if the agreement for Page to receive the $7,013.68 as part of his compensation had been a part of the 1956 contract. The Court, however, did not find that such was the case. Appellants were apparently content with the findings of fact as made by the trial court. We think these findings clearly imply that the Court did not determine that the promise of Bailey to pay the $7,013.68 was one of the considerations flowing to Page in return for his undertaking the 1956 agreement.

In the absence of such a determination of the meaning of the Matagorda Island contract, Bailey's promise to pay the earlier debt "out of the receipts" was a simple promise to pay made before the statute had run and did not have the effect of extending the statute up to the date of the filing of the counter-claim. The claim was thus barred and could not be urged as a counter-claim.

We conclude, therefore, that the judgment of the trial court must be affirmed.